UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEON JAMIER MITCHELL,

                  Plaintiff,

v.                                                 CASE NO. 08-11196

RICHMOND RIGGS, FLINT POLICE         PAUL D. BORMAN
DEPARTMENT, KARL PETRICH,            UNITED STATES DISTRICT JUDGE
LEE ESTER BLACK, KIM SHAW,
KEVIN BRANDON, CARRIN CROWE,
VANESS DAVIS, MICHAEL R. MCARA,
68TH DISTRICT COURT, 7TH CIRCUIT COURT,
JUDITH A. FULLERTON, SERGIO MORALES,
RONALD FERRIS, and DIANA LIEBOLD,

                  Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Teon Jamier Mitchell is a state prisoner at Marquette Branch Prison in Marquette, Michigan. He has filed a *pro se* civil rights complaint for declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983. The defendants are: Genesee County prosecutor Richmond Riggs; the Flint Police Department and its employees Karl Petrich and Lee Ester Black; public defender Kim Shaw; the 68th District Court and District Judge Michael R. Mcara; the 7th Circuit Court and Circuit Judge Judith A. Fullerton; and witnesses Kevin Brandon, Carrin Crow, Vaness Davis, Sergio Morales, Ronald Ferris, and Diana Liebold.

Plaintiff alleges that he was arrested for a robbery, but none of the alleged victims or witnesses identified him in a line-up. He claims that the police, prosecutors, judges, witnesses, and the informant entrapped him. He further alleges that the police manufactured the crime and

used tainted evidence and perjured testimony to convict him. He appears to allege that even the public defender operated under a conflict of interest and that the proceedings resulted in a miscarriage of justice.

## II. Standard of Review

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for a lawsuit, his civil rights complaint against a governmental entity, officer, or employee may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (internal and end citations and footnote omitted).

## III. Discussion

2

The pending complaint is frivolous and fails to state a claim because Plaintiff is challenging his state conviction. An attack on the fact or duration of confinement is more appropriate in a habeas corpus petition, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 & 499 n. 14 (1973). Plaintiff has no right to relief in a civil rights action unless the order or judgment holding him in custody has been invalidated by state officials or impugned in a federal habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and other Supreme Courts cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Plaintiff has not shown that the judgment holding him in custody has been invalidated by state officials or impugned on federal habeas corpus review, and success in this action would demonstrate the invalidity of his confinement. Therefore, he has no right to the relief he seeks.

Plaintiff's claims lack merit for several additional reasons. The 68th district court and the 7th circuit court are not "persons" within the meaning of § 1983. *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). Public defender Kim Shaw did not act under color of law when performing traditional functions as counsel to Plaintiff in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders). Judges Michael R. Mcara and Judith A. Fullerton enjoy absolute immunity from damages liability for actions taken in their judicial capacities in cases over which they had

jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). They also enjoy immunity from injunctive relief. *See* 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Prosecutor Richmond Riggs enjoys absolute immunity from damages liability for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such activities include initiating the prosecution and presenting the State's case. *Id*. at 431. The six defendants who apparently testified as witnesses against Plaintiff also enjoy absolute immunity. *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983).

## IV. Conclusion

Plaintiff's allegations lack an arguable basis under law and, therefore, are frivolous. The allegations also fail to state a claim and seek money damages from defendants who are immune from such relief. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2008

CERTIFICATE OF SERVICE

4

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 28, 2008.

                                                s/Denise Goodine
                                                Case Manager